UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**FERRIE ARVADA HAMPTON**                                                    **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 1:10CV-54-M**

**LOGAN DISTRICT COURT** *et al.*                                       **DEFENDANTS**

## MEMORANDUM OPINION

Acting without the assistance of counsel, Plaintiff Ferrie Arvada Hampton filed this action by filling out a general complaint form. Plaintiff sues the following: Logan County District Court Cabinet, Logan County Circuit Court Cabinet, Judge Carol Browning, Judge Tyler Gill, Lieutenant Victor Swiftly, Sheriff Kenneth Warren, Barden Dill, and Craig Philpit. In the section of the form complaint asking Plaintiff to list the "grounds for filing this case in federal court," he states: "slander, entrapment, assault, false arrest, wanton endangerment, stalking, harassment, harboring, for getting a mental health warrant, hurt or injured." In the section of the form complaint asking Plaintiff to state the basis of his claim in more detail, he states: "Slander by the courts of Logan County and Beaten and assaulted by the Logan County Russellville Police Department Falsely Arrested by Logan County Deputy Sheriff Department."

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the Court has a mandatory duty to screen initial filings. *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Specifically, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Plaintiff's complaint does not explain how any of the Defendants were involved in the actions described in the complaint nor does the complaint identify any dates that any events occurred. In fact, it is impossible to even discern what exactly Plaintiff is complaining about. Because the Court concludes that Plaintiff's complaint fails to give Defendants fair notice of any civil claim(s) against them, it must be dismissed for failure to state a claim.

The Court will enter a separate Order of dismissal.

Date:


cc: Plaintiff, *pro se*

4413.008